### JOHN I. WILES, assignee &c. of LYNDS JONES, sheriff of Montgomery County vs. WILLIAM M. HILL and three others.

A plaintiff can not maintain a suit on a bond given to the sheriff on the arrest of a defendant, where it appears that defendant's attorney gave notice to plaintiff's attorney before the commencement of the suit, and before special bail was *actually filed*, that special bail was put in and filed in the original action, although filed after the twenty days conditioned by the bond; and plaintiff's attorney gave defendants' attorney notice that he should disregard the notice of bail for those reasons, and also for information in the notice.

*Motion by defendants that the bond assigned by said sheriff, on which a suit was depending between the above parties, and all the proceedings thereon, be vacated and set aside with costs.*—This suit was commenced on the 30th January, 1845, on the bond given to the sheriff aforesaid, on or about the 8th January, 1844, executed by two of the defendants ; on the arrest of the other two of the said defendants by virtue of a capias ad respondendum, returnable on the 9th January, 1844 ; conditioned that said defendants arrested, should appear and put in special bail in twenty days. On the 2d February, 1844, D. Holt, Esq., attorney for defendants, served plaintiff's attorneys with notice in writing of the filing special bail therein, supposing the same was then filed; plaintiff's attorneys wrote to the clerk to ascertain when the bail was filed, and received answer that none had been filed. On the 26th February, said Holt showed plaintiff's attorney a letter from the clerk that the bail piece was filed on the *6th February*, 1844; and at the same time served a notice in writing giving plaintiff ten days to except to the bail, without endorsing the exception on the bail piece. Plaintiff's attorneys informed defendants' attorney that they should disregard the notice, as bail was not put in within the twenty days and the notice served was irregular, and they had already taken steps to

prosecute the sheriff; afterwards plaintiff's attorneys concluded to abandon the prosecution of the sheriff and proceed on the bail bond in the original action, which was assigned to plaintiff.

S. P. NASH, *Defts Counsel.*　　　　D. HOLT, *Defts Atty.*

D. WRIGHT, *Plffs Counsel.*　　　　SACIA & DAVIS, *Plffs Attys.*

BRONSON, Chief Justice. — Held, that the notice of special bail, although given by mistake, before the bail piece was filed, was, under the circumstances sufficient, and that the plaintiff was irregular in suing the bail to the sheriff after being informed that the bail piece had in fact been filed.